IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00538-BNB

ERIC ADAMS,

Applicant,

v.

R. WILEY,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Eric Adams is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Adams initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Adams is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court, the judge must dismiss the [application] and direct the clerk to notify the [applicant]." Rule 1(b) of the governing Rules gives this Court the authority to apply the rules to other

habeas corpus cases, which includes the instant § 2241 action. The Court finds that from the face of the Application, Mr. Adams is not entitled to relief.

Mr. Adams is challenging the validity of his criminal conviction and sentence from the United States District Court for the Eastern District of New York (Eastern District of New York). *See **United States v. Adams**,* No. 94-cr-00460-RR-1 (E.D. N.Y. Dec. 26, 1995), **aff'd** 101 F.3d 684 (2$^d$ Cir. May 15, 1996) (Table), **cert denied**, 519 U.S. 904, **reh'g denied** 519 U.S. 1049 (1996). Mr. Adams asserts that the Eastern District of New York lacked subject matter jurisdiction over his criminal proceedings because the State of New York had indicted him first and the federal court had no authority to remove the criminal proceedings from the state court to the federal court.

Upon review of this Court's Docket, the Court finds that Mr. Adams filed a previous § 2241 application in this Court, **Adams v. Holt**, No. 01-cv-00579-ZLW (D. Colo. May 31, 2001), **aff'd**, No. 01-1274 (10th Cir. Dec. 6, 2001), **cert. denied**, 537 U.S. 842 (2002), in which he asserts the same claim that he raises in the instant action. Case No. 01-cv-00579-ZLW was dismissed because Mr. Adams has an adequate and effective remedy pursuant to § 2255 in the Eastern District of New York to challenge the validity of his sentence.

This Court takes judicial notice of the decision in Case No. 01-cv-00579-ZLW and finds that the instant action is subject to dismissal for the same reasons as found in that case. Furthermore, pursuant to 28 U.S.C. § 2244(a), the Court may deny a habeas corpus application asserted pursuant to 28 U.S.C. § 2241 that is successive or abusive. *See **George v. Perrill**,* 62 F.3d 333, 334-35 (10th Cir. 1995). A successive application raises claims identical to those raised and rejected on the merits in a prior

application. *See Schlup v. Delo*, 513 U.S. 298, 319 n.34 (1995). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, a court may not address the merits of successive habeas claims. *See id.* at 318-23; *George*, 62 F.3d at 335. The Court finds no basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action.

The Court further notes that Mr. Adams provided incorrect information on the § 2241 form that he submitted in this case. In response to Question No. 1 under Section "D. Prior Applications," on Page Four of the form, Applicant responds in the negative to the question of whether he has filed any prior actions in federal court in which he raised or could have raised the claim that he asserts in the instant action. Based on the following, the Court finds that Mr. Adams has knowingly provided incorrect information to this Court by stating that he has not filed prior actions regarding the claim he asserts in this action.

The Court has reviewed the Dockets for the United States District Court for the Southern District of Illinois (Southern District of Illinois) and for the Eastern District of New York. Besides the two § 2241 applications filed by Applicant in this Court, on three occasions, twice in the Eastern District of New York and once in the Southern District of Illinois, Mr. Adams filed § 2241 actions in which he attempted to challenge the validity of his 1995 conviction and sentence in the Eastern District of New York based on his claim of lack of subject matter jurisdiction. *See Adams V. United States of America*, No. 06-cv-02984-CBA (E.D. N.Y. June 30, 2006), *denied on appeal*, No. 06-3125 (2[d] Cir. Sept. 22, 2006) (section 2241 action was construed as § 2255 and transferred to the Second Circuit as successive); *Adams v. Davis*, No. 04-cv-00805-DRH (S.D. Ill.

3

July 25, 2005), *aff'd*, No. 05-3270 (Nov. 17, 2005); **Adams v. United States**, No. 03-cv-00288-CBA (E.D. N.Y. Jan. 31, 2003), *aff'd*, No. 03-2096 (2nd Cir. June 16, 2004).

Mr. Adams, in addition, has filed two § 2255 motions raising the same claim that he asserts in the instant action. **See Adams v. United States**, No. 97-cv-01241-RR (E. D. N.Y. Filed Mar. 14, 1997); **Adams v. United States**, No. 00-3726 (2d Cir. Oct. 10, 2000) (request for leave to file successive § 2255 motion).

Mr. Adams' continual filing of § 2241 actions that raise the same claim borders on being malicious. Mr. Adams is instructed that if he files a subsequent § 2241 in this Court raising claims that more properly are raised in the sentencing court in a § 2255 motion, the Court will subject him to sanctions, including monetary sanctions and injunctions from filing malicious and repetitive pleadings. Mr. Adams further is instructed that if in the future he provides false information to this Court he will be subject to sanctions pursuant to Fed. R. Civ. P. 11. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because Mr. Adams has an adequate and effective remedy in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 2255 and because the instant action is an abuse of the writ under 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 29 day of April, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00538-BNB

Eric Adams
Reg. No. 44221-053
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/30/08

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                         Deputy Clerk